IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

JAIME FAJARDO                  *
11103 La Messa Drive         *
Fairfax, Virginia 22030        *
                                     *
      *Plaintiff,*            *
                                     *
v.                                 *    Case No.:
                                     *    JURY TRIAL DEMANDED
EASTERN REGION MANAGEMENT, LLC   *
11840 Valley View Rd.         *
Eden Prairie, MN 55344        *
*Serve Resident Agent:*        *
      C T CORPORATION SYSTEM    *
      4701 Cox Road, Ste 285        *
      Glen Allen, VA 23060         *
                                     *
and                               *
                                     *
UNITED NATURAL FOODS, INC.       *
313 Iron Horse Way            *
Providence, RI 02908         *
*Serve Resident Agent:*        *
      C T CORPORATION SYSTEM    *
      4701 Cox Road, Ste 285        *
      Glen Allen, VA 23060         *
                                     *
      *Defendants.*          *
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## COMPLAINT

      Plaintiff Jaime Fajardo ("Plaintiff"), by and through his undersigned attorneys, hereby files

this Complaint against Defendants Eastern Region Management, LLC ("Eastern") and United

Natural Foods, Inc. ("UNFI", collectively "Defendants"); for compensatory and punitive damages

flowing from Defendants' unlawful discrimination in employment against Plaintiff on the basis of

his race, color, and natural origin, and for Defendants' unlawful retaliation against Plaintiff for

complaining of same, in violation of Title VII of the Civil Rights Act of 1964 ("title VII"), 42

U.S.C. § 2000(e), *et seq*.; as well as claims for racial and/or national origin discrimination and retaliation pursuant to 42 U.S.C. §1981.  ADEA

Plaintiff was subjected constant abuse and harassment from his direct supervisor, who ridiculed Plaintiff for his Hispanic race, Peruvian national origin, and accent when speaking English.  Defendants were wholly dismissive of his complaints and in fact retaliated against him for complaining.  Plaintiff seeks awards of compensatory damages, punitive damages, attorneys' fees, and costs.

## JURISDICTION AND VENUE

1.      This is a civil action arising under the laws of the United States.  This Court has jurisdiction pursuant to 28 U.S.C. §1331.

2.      The acts and omissions giving rise to Plaintiff's claims occurred in the Eastern District of Virginia, and there is no other district in which this action may be brought.  Venue lies in this Court pursuant to 28 U.S.C. §1391(b) because Defendants reside in this judicial district.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

3.      Plaintiff filed a timely Charge of Discrimination with the U.S. Equal Employment Opportunity Commission ("EEOC").  Plaintiff received a issued a 90-day right-to-sue letter from the EEOC on September 14, 2020, attached hereto as **Exhibit 1**.

## PARTIES

4.      At all relevant times, Plaintiff was a resident of Virginia.

5.      Eastern is a foreign limited liability company registered to do business in Virginia.

6.      UNFI is a foreign incorporated company registered to do business in Virginia.

7.     Together, Defendants were Plaintiff's joint employers.  Defendants share (1) common management; (2) interrelated operations regarding wholesale bulk food and product delivery; (3) centralized control; and (4) common ownership/financial control.

## FACTS COMMON TO ALL COUNTS

8.     Plaintiff is a 62-year old resident of Virginia who immigrated from his native Peru. He is fluent in English, but speaks with a noticeable accent.

9.     Defendants hired plaintiff as a Meat Sales Consultant in 2012.  Plaintiff was responsible for selling meat products to Defendants' Spanish-speaking and Hispanic customers, including grocery stores, restaurants, and more.

10.    Roughly 80% of Plaintiff's customers were Hispanic- or Latino-owned, the other roughly 20% were Korean-owned, but typically employed Hispanics/Latinos with whom Plaintiff interacted professionally on a regular basis.

11.    Plaintiff's performance was excellent throughout his tenure with Defendants. When his employment began, meat product sales generated between $600,000 and $700,000 in annual sales.  During his employment, Plaintiff grew these sales to about $8,000,000 per year across 40 accounts.

12.    Plaintiff was the only Hispanic/Latino and Spanish-speaking member of his departments.

13.    Defendants discriminated against Plaintiff in several ways.  For example, Defendants removed several customers from Plaintiff's portfolio and assigned them to non-Hispanic coworkers due to a "regional reorganization".  However, many of these customers were Hispanic owned or affiliated businesses and derived great value dealing with Plaintiff because of his cultural background.  Defendants recognized this, and forced Plaintiff to continue servicing

3

those customers despite the fact that the customers were assigned to other employees and any additional sales these customers generated would not be reflected in Plaintiff's sales figures.

14.     On July 10, 2019, Defendants subjected Plaintiff to an alleged "layoff" due to a reorganization. However, of the 14 people terminated as part of the "layoff", 14 were 51 years old or older and one was 36.

15.     Throughout his employment, Plaintiff's immediate supervisor, Dave Stettler, constantly ridiculed and verbally abused Plaintiff because of Plaintiff's accent when speaking English. This retaliation occurred frequently and in public in front of other coworkers, including Craig Gillan, Aaron Turnage, and others.

16.     In September of 2018, after a particularly severe incident of discrimination and harassment in, Plaintiff complained to Michael Flack, Mr. Stettler's supervisor, that Mr. Stettler was discriminating against and abusing Plaintiff on account of Plaintiff's race, color, and national origin.

17.     Defendants took no remedial action as a result of Plaintiff's complaint to Mr. Flack. Three months later, Defendants informed Plaintiff that he would be "laid off".

18.     After informing him of his "layoff", Defendants required Plaintiff to train his replacement, Zachary Phillips. At the time, Mr. Phillips appeared to be in his late twenties, not Hispanic or Latino, and did not speak fluent Spanish. Essentially, Defendants forced Plaintiff to train his younger, non-minority replacement who had no history of protected activity against Respondents.

19.     Plaintiff's termination was the apogee of a Defendants' long history, through its managers, of unlawful discrimination against Plaintiff based on his race, color, sex, age, and/or his

4

Case 1:20-cv-01531-TSE-TCB   Document 1   Filed 12/11/20   Page 5 of 9 PageID# 5


previous participation in the protected activity of reporting unlawful discrimination in employment.

20.     Plaintiff would not have been terminated but for this illegal discrimination and/or retaliation.

21.     The discrimination and retaliation Plaintiff suffered, as described above, was both severe and pervasive enough to create a hostile work environment.

22.     All of the above occurred in the course of Plaintiff's employment with Defendants.

23.     Any non-discriminatory justification for Defendants actions as described above is pretextual.

## CAUSES OF ACTION

### COUNT I
**Title VII – Discrimination/Harassment based on Race, Color, and/or National Origin**
**42 U.S.C. §2000e**

24.     Plaintiff incorporates the foregoing paragraphs herein by reference.

25.     While employed by Defendants, Plaintiff was subjected to discrimination and harassment based on his race, color, and national origin which adversely affected the material terms, conditions, and/or privileges of his employment.  As outlined above, Mr. Stettler discriminated against Plaintiff based on his Hispanic/Latino race/color and Peruvian national origin.  When Plaintiff complained to Mr. Stettler's supervisor, Mr. Flack, about the abuse he was suffering at work, Defendants took no corrective action.

26.     Defendants' discrimination culminated in the termination of Plaintiff's employment.  As a result, Plaintiff has suffered loss of income and/or other pecuniary losses, humiliation, emotional distress, and/or other non-economic damages.

27.     Defendants categorized Plaintiff's termination as a "layoff" in an attempt to disguise the discriminatory and retaliatory animus that motivated their decision to terminate his employment.

28.     Based upon the foregoing, Defendants engaged in discriminatory conduct with malice and/or reckless disregard for Plaintiff's federally-protected rights.

## COUNT II
### Title VII – Retaliation
### 42 U.S.C. §2000e

29.     Plaintiff incorporates the foregoing paragraphs herein by reference.

30.     As described above, Plaintiff expressly reported the illegal discrimination and harassment he was suffering to Defendants' management, *viz.*: Mr. Flack.

31.     Plaintiff's actions comprised the protected activity of engaging in the EEO process.

32.     As described above, Plaintiff's complaints were ignored.

33.     Defendants categorized Plaintiff's termination as a "layoff" in an attempt to disguise the retaliatory animus that motivated their decision to terminate his employment.

34.     Defendants' retaliation culminated in the termination of Plaintiff's employment. As a result, Plaintiff has suffered loss of income and/or other pecuniary losses, humiliation, emotional distress, and/or other non-economic damages.

## COUNT III
### Discrimination/Harassment based on Race
### 29 U.S.C. § 621

35.     Plaintiff incorporates the foregoing paragraphs herein by reference.

36.     Pursuant to 42 U.S.C. §1981, all citizens have the same right "to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings . . . as is enjoyed by white citizens."

37.     While employed by Defendants, Plaintiff was subjected to racial harassment. As outlined above, Mr. Stettler repeatedly discriminated against Plaintiff based on his Hispanic race and/or color. For example, Mr. Stettler insulted Plaintiff for his accent when speaking English.

38.     This discrimination affected the material terms, conditions, and/or privileges of Plaintiff's employment with Defendants.

39.     As a direct and proximate result of Defendants' illegal discrimination, culminating in Plaintiff's constructive discharge, Plaintiff has suffered loss of income, and/or other pecuniary losses, humiliation, emotional distress, and/or other non-economic damages.

40.     Based upon the foregoing, Defendants engaged in discriminatory conduct with malice and/or reckless disregard for Plaintiff's federally-protected rights secured by 42 U.S.C. §1981.

## COUNT IV
### ADEA – Discrimination/Harassment based on Race, Color, and/or National Origin
### 29 U.S.C. § 621

41.     Plaintiff incorporates the foregoing paragraphs herein by reference.

42.     At all times relevant to this action, Plaintiff was above 40 years of age.

43.     While employed by Defendants, Plaintiff was subjected to discrimination and harassment based on his age which adversely affected the material terms, conditions, and/or privileges of his employment.

44.     Defendants' discrimination culminated in the termination of Plaintiff's employment, and his replacement by an individual who was significant under the age of 40. As a result, Plaintiff has suffered loss of income and/or other pecuniary losses, humiliation, emotional distress, and/or other non-economic damages.

45.     Defendants categorized Plaintiff's termination as a "layoff" in an attempt to disguise the discriminatory animus that motivated their decision to terminate his employment.

46.     Based upon the foregoing, Defendants engaged in discriminatory conduct with malice and/or reckless disregard for Plaintiff's federally-protected rights.

## CLAIMS FOR RELIEF

Plaintiff respectfully requests this Honorable Court grant the following relief:

47.     Enter a judgment in favor of Plaintiff and against all Defendants, jointly and severally, for compensatory damages in an amount to be proven at trial.

48.     Enter a judgment in favor of Plaintiff and against all Defendants, jointly and severally, for punitive damages in an amount to be proven at trial.

49.     Assess reasonable attorneys' fees, representation expenses (included experts), and costs of suit in favor of Plaintiff and against all Defendants, jointly and severally, in an amount to be proven through a Petition for Attorneys' Fees at the conclusion of this litigation.

50.     Enter an injunction compelling Defendants to reinstate Plaintiff, and prohibiting Defendants from further discrimination and retaliation, or, in the alternative, compelling Defendants to pay Plaintiff "front-pay,", and awarding other appropriate equitable relief including "back pay."

51.     Grant Plaintiff such other and further relief as the nature of his cause may warrant.

## JURY DEMAND

Pursuant to Fed. R. Civ. Proc. 28, Plaintiff requests that all triable claims be tried before a jury.

Respectfully submitted,


/s/ Gregg C. Greenberg
Gregg C. Greenberg, Esq., Bar No: 79610
Zipin, Amster & Greenberg, LLC
8757 Georgia Ave., Suite 400
Silver Spring, MD 20910
Tel:(301) 587-9373
ggreenberg@zagfirm.com

*Counsel for Plaintiffs*


Roy Lyford-Pike, Esq.*
Zipin, Amster & Greenberg, LLC
8757 Georgia Ave., Suite 400
Silver Spring, MD 20910
Tel:(301) 587-9373
rlpike@zagfirm.com

*Counsel for Plaintiff*
*\* Application for Admission Pro Hac Vice*
*forthcoming*